IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENINAH GOODWIN WEBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-878-M-BN |
| | § | |
| DALLAS AREA RAPID TRANSIT | § | |
| (DART) AND RENE GARNER, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 7.

Defendant Dallas Area Rapid Transit ("DART") moves to dismiss this action, citing Plaintiff Deninah Goodwin Webb's failure to properly serve a summons and complaint on a named defendant by the 90th day after the filing of this action. *See* Dkt. No. 18 (citing FED. R. CIV. P. 4(m)). Webb has filed a response in opposition as well as several filings that appear intended to document effective service. *See* Dkt. Nos. 20, 21, 22, 24, & 26. And DART has filed a reply brief. *See* Dkt. No. 28.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the motion to dismiss, quash Webb's defective services of process, and extend the deadline by which Webb must properly serve all named defendants in the operative complaint to 30 days after entry of any

order accepting the findings, conclusions, and recommendation or to some other date as set by the Court.

**Applicable Background**

Webb, at the time represented by retained counsel, initially filed this employment-discrimination action against DART and two of its employees (Rene Garner and Jose Cortana). *See* Dkt. No. 1. Counsel moved to withdraw on April 19, 2017. *See* Dkt. No. 9.

On April 27, 2017, the Court held a status conference at which now-former counsel for Webb informed the Court that, although his office obtained summonses from the Clerk of Court, his office had yet to serve the complaint. Counsel then offered to serve the complaint prior to his withdrawal, but Webb declined that offer and informed the Court that she would handle service herself. *See* Dkt. Nos. 12 & 13.

The Court entered an order the same day that, among other things, granted Webb's then-counsel leave to withdraw and advised Webb that, "if proper service is not made before the 90th day after the filing of this action (which occurred on March 28, 2017) that is not a Saturday, Sunday, or legal holiday – which, here, will be June 26, 2017 – this case is subject to dismissal without prejudice unless she shows good cause for her failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period." Dkt. No. 13 at 6-7 (citing FED. R. CIV. P. 4(m), 41(b)); *see id.* at 6 (advising Webb that "she must serve each defendant in compliance with, as applicable, Rules 4(c), 4(e), or 4(h) and file proofs of service with the Court in accordance with Rule 4(*l*)").

On May 24, 2017, Webb filed an amended complaint, which added additional defendants. *See* Dkt. No. 14. But the filing of that complaint did not extend the deadline by which Webb was to have perfected service as to at least the defendants named initially. *See* Dkt. No. 15; *see also Harris v. Westchester Cty. Med. Ctr.*, No. 08 Civ. 1128(RJH)(KNF), 2010 WL 2674545, at *1 (S.D.N.Y. July 1, 2010) ("'Filing an amended complaint in itself does not toll the service period, thereby providing an additional [90] days for service.' However, 'adding a new party through an amended complaint initiates a new [90]-day timetable for service upon the added defendant.'" (quoting 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL § 1137 (3d ed.); citations and brackets omitted)); *cf. Cioce v. Cty. of Westchester*, No. 02 Civ.3604 HB, 2003 WL 21750052, at *3 (S.D.N.Y. July 28, 2003) (noting that a defendant "was mistaken in thinking that time began to run under ... Rule [4(m)] from the filing of any amended complaint and not the institution of the lawsuit" (collecting cases)); *LBS Innovations LLC v. BP Am.*, 2:11-cv-407-JRG, 2013 WL 12158525, at *2 (E.D. Tex. Feb. 21, 2013) (same).

## Legal Standards

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999). Indeed, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d

787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). And a district court may dismiss a case without prejudice under Federal Rule of Civil Procedure 4(m) for failure of a plaintiff to effectuate service on defendants within 90 days of filing the complaint. *See, e.g.*, *Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M (BF), 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *cf. Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Federal Rule of Civil Procedure 12(b)(5) "'permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint.'" *Naranjo*, 679 F. Supp. 2d at 795 (quoting *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)). Such a motion "turns on the legal sufficiency of the service of process," *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam), and "may be based on a plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m)," *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-00176-JNP-BCW, 2017 WL 3379106, at *1 (D. Utah Aug. 3, 2017) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed. 2016) (collecting cases for that proposition)).

"Once the validity of service has been contested, the plaintiff bears the burden

of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *accord Quinn*, 470 F. App'x at 323. And a plaintiff's *pro se* status does not excuse any failure to properly effect service of process. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## Analysis

A Proof of Service that Webb filed on June 21, 2017 – and that is merely signed by Webb – provides that defendants were served by "three methods: 1. facsimile, 2. by e-mail, and 3. in person, with photograph, and secured by third party security firm" and further provides that "counsel[ ] for ESIS," a defendant added in the amended complaint, informed Webb that "he is not accepting [process]." Dkt. No. 16 at 1.

Even if the Court assumes that the third method listed by Webb (personal service on DART, Garner, and Cortana through a third party) is proper under Federal Rules of Civil Procedure 4(e) and 4(h), as applicable, the Proof of Service is not proper under Federal Rule of Civil Procedure 4(*l*)(1) because it was not made "by the server's affidavit." FED. R. CIV. P. 4(*l*)(1); *see Cole v. Shinseki*, No. 12-2969-STA-tmp, 2013 WL 2289257, at *3 (W.D. Tenn. May 23, 2013) (finding that "Plaintiff has not furnished an affidavit to prove service on any Defendant, as Rule 4(*l*)(1) requires" but instead "has filed a document with the Court styled as an affidavit and signed by counsel, stating that service was accomplished," which "is not an affidavit because it was not sworn or 'made under oath before an authorized officer'" and "does not qualify as an unsworn declaration because it does not state that it was signed 'under penalty of perjury that

the foregoing is true and correct,'"and concluding therefore "that without a proper affidavit, Plaintiff's proof of service does not comply with Rule 4(*l*)" (footnotes omitted)); *Danielson v. Human*, No. 3:12-cv-00840-FDW-DSC, 2014 WL 1765168, at *3 (W.D.N.C. May 2, 2014) (noting that Rule 4(*l*)(1) requires "individual who served defendant personally to attest to act").

DART's reply documents further attempts at service as to DART, Garner, and Cortana made after June 26, 2017. *See* Dkt. No. 28; *see also* Dkt. Nos. 21 & 22 (summons returns as to DART and Garner filed July 31, 2017). And DART alleges that the summons return as to it "is nothing more than a sham," explaining that,

> [o]n July 21, 2017, Plaintiff came to [DART's] headquarters with a person identified as Carolyn McGinnis. At that time, Plaintiff had with her Summons and Complaints directed to ... Garner and ... Cortana, only. Plaintiff was advised that Ms. Garner is no longer employed with [DART], so she was not present to accept service. Plaintiff was also advised that there is no such person as Jose Cortana and that the person she meant to name as a party, Jose Carranza, is also no longer employed with [DART] and thus not present to accept service. Plaintiff was further told that counsel for [DART] could take a Summons and Complaint for this Defendant, however, Plaintiff did not have them with her and did not come back with the Summons and Complaint for this Defendant. Therefore, the statement in the Proof of Service stating that the Summons and Complaint as to this Defendant is false. Moreover, it appears that the Proof of Service was signed by Ms. McGinnis July 27, 2017, yet the date represented as the date of service is July 28, 2017.

Dkt. No. 28 at 2-3.

While the alleged filing of a false proof of service is a serious charge, given Webb's *pro se* status – and to avoid (at least for the moment) the need for an evidentiary hearing as to this allegation – the Court should not dismiss this action at this time but instead retain it; quash Webb's service attempts to date, which as to the

-6-

defendants named initially are at a minimum untimely; and allow Webb one last chance to properly serve all defendants named in the operative complaint.

As the United States District Court for the Western District of Texas recently set out:

> District courts in Texas routinely recognize that when process or the manner of its service is insufficient, federal courts have broad discretion to dismiss the action or to retain the case but quash the service.... This Court has previously provided guidance on how to exercise this discretion:
>
>> Dismissal of a case is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly. Dismissal, in fact, is not appropriate unless there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant. The Court therefore also has discretion to quash the defective service of process and allow the plaintiff another opportunity to effect proper service of process. Relevant factors for a court to consider in exercising this discretion include the plaintiff's *pro se* status and whether his was a good faith attempt to effect service.

*Mosley v. Bexar Cty.*, No. SA-17-CV-583-XR, 2017 WL 3326968, at *1 (W.D. Tex. Aug. 2, 2017) (quoting *Bowman v. Sanofi-Aventis U.S.*, A-09-CA-192-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009); citations, internal quotation marks, and brackets omitted); *accord Ridgle v. Lowe's Home Ctrs., Inc.*, No. 3:04-cv-1650-D, 2004 WL 2236615, at *1 (N.D. Tex. Oct. 5, 2004).

**Recommendation**

The Court should deny the motion to dismiss [Dkt. No. 18], quash Plaintiff Deninah Goodwin Webb's defective services of process, and extend the deadline by which Webb must properly serve all defendants named in the operative complaint to

30 days after entry of any order accepting the findings, conclusions, and recommendation or to some other date as set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE