IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENINAH GOODWIN WEBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-878-M-BN |
| | § | |
| DALLAS AREA RAPID TRANSIT (DART), ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 7. Defendant Dallas Area Rapid Transit ("DART") again moves to dismiss this action for Plaintiff Deninah Goodwin Webb's failure to properly serve the defendants. *See* Dkt. No. 34. Webb failed to file a response to the motion by the court-imposed, November 22, 2017 deadline, *see* Dkt. No. 35, but, on December 12, 2017, she filed a Pre-Trial – Conference Statement, which fails to address the service issues that have plagued this action, *see* Dkt. No. 36. The undersigned issues these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss and dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

**Applicable Background**

On September 13, 2017, the Court accepted the undersigned's August 22, 2017

findings of fact, conclusions of law, and recommendation that DART's initial motion to dismiss based on insufficient service be denied but that Webb's previous, defective service attempts be quashed. *See* Dkt. Nos. 29 & 30. And Webb was ordered to "properly serve all named defendants in the operative complaint [by October 13, 2017]." Dkt. No. 30; *see also* Dkt. No. 31 (warning Webb that "[t]he failure to do so will result in a recommendation that this action be dismissed without prejudice" (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b))).

In response to the Court's order quashing her previous, defective services of process, Webb has merely submitted filings that at best set out her service attempts prior to entry of the order quashing those attempts. *See* Dkt. Nos. 32 & 33; *see, e.g.,* Dkt. No. 33 at 9-12 (proofs of service dated Aug. 3, 2017).

**Legal Standards**

Service of process is "fundamental to any procedural imposition on a named defendant" and is therefore "the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 353 (1999). Indeed, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). And a district court may dismiss a case without prejudice under Federal Rule of Civil Procedure 4(m) for failure of a plaintiff to effectuate service on defendants within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA,*

No. 3:12-cv-1036-M (BF), 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *cf. Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Federal Rule of Civil Procedure 12(b)(5) "'permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint.'" *Naranjo*, 679 F. Supp. 2d at 795 (quoting *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)). Such a motion "turns on the legal sufficiency of the service of process," *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam), and "may be based on a plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m)," *Golden v. Mentor Capital, Inc.*, No. 2:15-cv-00176-JNP-BCW, 2017 WL 3379106, at *1 (D. Utah Aug. 3, 2017) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed. 2016) (collecting cases for that proposition)).

"Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *accord Quinn*, 470 F. App'x at 323. And a plaintiff's *pro se* status does not excuse any failure to properly effect service of process. *See Sys.*

*Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

## Analysis

The validity of Webb's service attempts has been contested by DART and by the Court. And Webb has failed to establish the validity of service in response. In addition, she has failed to comply with the Court's requirement that she properly serve all named defendants in the operative complaint by October 13, 2017. Instead, she attempted to fulfill this obligation by submitting previous service attempts that the Court quashed as defective. She therefore has failed to comply with court orders and thereby has prevented this action from proceeding.

Particularly given the Court's patience with Webb and the numerous orders of the Court regarding service of process, dismissal of this lawsuit without prejudice, under Rules 4(m) and 41(b), is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to further delay the disposition of this case until such time as Webb decides to comply with the Court's orders. Accordingly, the Court should grant DART's motion [Dkt. No. 34] and, further, exercise its inherent power to prevent undue delays in the disposition of a pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should grant the motion to dismiss [Dkt. No. 34] and dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE