IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENINAH GOODWIN WEBB,           §
                                §
            Plaintiff,          §
                                §
V.                              §          No. 3:17-cv-878-M-BN
                                §
DALLAS AREA RAPID TRANSIT       §
(DART), ET AL.,                 §
                                §
            Defendants.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action, which was referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of

reference from Chief Judge Barbara M. G. Lynn, *see* Dkt. No. 7, was dismissed without

prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) on January 4, 2018.

*See* Dkt. Nos. 38 & 39; *see also* Dkt. No. 37 (undersigned's findings, conclusions, and

recommendation, dated Dec. 8, 2017, to which no objections were filed).

On January 26, 2018, Plaintiff Deninah Goodwin Webb filed a Motion to Reopen

Case [Dkt. No. 42], which Judge Lynn referred to the undersigned for a hearing, if

necessary, and recommendation or determination, *see* Dkt. No. 43. Defendant Dallas

Area Rapid Transit ("DART") filed a response in opposition. *See* Dkt. No. 48. Webb filed

a reply brief. *See* Dkt. No. 45. And the undersigned issues these findings of fact,

conclusions of law, and recommendation that the Motion to Reopen Case, construed as

a motion under Federal Rule of Civil Procedure 60(b), should be denied.

### Applicable Background

Webb, at the time represented by retained counsel, initially filed this employment discrimination action against DART and two of its employees (Rene Garner and Jose Cortana). *See* Dkt. No. 1. Counsel moved to withdraw on April 19, 2017. *See* Dkt. No. 9.

On April 27, 2017, the Court held a status conference at which now-former counsel for Webb informed the Court that, although his office obtained summonses from the Clerk of Court, his office had yet to serve the complaint. Counsel then offered to serve the complaint prior to his withdrawal, but Webb declined that offer and informed the Court that she would handle service herself. *See* Dkt. Nos. 12 & 13.

The Court entered an order the same day that, among other things, granted Webb's then-counsel leave to withdraw and advised Webb that, "if proper service is not made before the 90th day after the filing of this action (which occurred on March 28, 2017) that is not a Saturday, Sunday, or legal holiday – which, here, will be June 26, 2017 – this case is subject to dismissal without prejudice unless she shows good cause for her failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period." Dkt. No. 13 at 6-7 (citing Fed. R. Civ. P. 4(m), 41(b)); *see id.* at 6 (advising Webb that "she must serve each defendant in compliance with, as applicable, Rules 4(c), 4(e), or 4(h) and file proofs of service with the Court in accordance with Rule 4(*l*)").

On May 24, 2017, Webb filed an amended complaint, which added additional defendants. *See* Dkt. No. 14. But the filing of that complaint did not extend the

deadline by which Webb was to have perfected service as to at least the defendants named initially. *See* Dkt. No. 15.

On September 13, 2017, the Court accepted the undersigned's August 22, 2017 findings of fact, conclusions of law, and recommendation that DART's initial motion to dismiss based on insufficient service be denied but that Webb's previous, defective service attempts be quashed. *See* Dkt. Nos. 29 & 30. And Webb was ordered to "properly serve all named defendants in the operative complaint [by October 13, 2017]." Dkt. No. 30; *see also* Dkt. No. 31 (warning Webb that "[t]he failure to do so will result in a recommendation that this action be dismissed without prejudice" (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b))).

In response to the Court's order quashing her previous, defective services of process, Webb merely submitted filings that at best set out her service attempts prior to entry of the order quashing those attempts. *See* Dkt. Nos. 32 & 33; *see, e.g.,* Dkt. No. 33 at 9-12 (proofs of service dated Aug. 3, 2017).

DART then moved again for dismissal based on insufficient service of process, on October 20, 2017. *See* Dkt. No. 34. Webb failed to file a response to the motion by the court-imposed, November 22, 2017 deadline, *see* Dkt. No. 35, but, on December 12, 2017, she filed a Pre-Trial – Conference Statement, which failed to address the service issues that have plagued this action, *see* Dkt. No. 36. This deficient response measured against the record set out above prompted the undersigned to recommend, on December 8, 2017, that DART's renewed motion to dismiss be granted and that this action be dismissed without prejudice under Rules 4(m) and 41(b). *See* Dkt. No. 37.

## Legal Standards

A *pro se* motion attempting to reopen a closed case, liberally construed, falls "under Federal Rule of Civil Procedure 60(b)." *Green v. State Farm*, No. 3:17-cv-1032-D-BH, 2017 WL 3835873, at *2 (N.D. Tex. Aug. 7, 2017) (citing *Smith v. Tex. Dep't of Criminal Justice, Institutional Div.*, 79 F. App'x 61, 62 (5th Cir. 2003) (per curiam) (construing a *pro se* prisoner's motion to reopen his civil rights complaint, dismissed under Federal Rule of Civil Procedure 41(b), as a motion under Rule 60(b))), *rec. adopted*, 2017 WL 3780488 (N.D. Tex. Aug. 31, 2017); *see also Duru v. TSPMG Kaiser Permanente Ga.*, No. 3:14-cv-3817-N-BN, 2015 WL 9243806, at *1 (N.D. Tex. Nov. 12, 2015) (where a *pro se* plaintiff failed to "specify the legal basis for the relief she" sought, construing her request that "'the Court [ ] vacate its prior order dismissing her action ... as being filed pursuant to Rule 60(b)'" (quoting *Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam); original brackets omitted)), *rec. accepted*, 2015 WL 9193286 (N.D. Tex. Dec. 17, 2015).

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* FED. R. CIV. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* 60(b)(1)-(6).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Webb] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)). Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). And the United States Court of Appeals for the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (internal quotations and alterations omitted); *see also Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) ("[T]he Rule's catchall category, subdivision (b)(6), which permits a court to reopen a judgment for 'any other reason that justifies relief[,]'" "is available only in 'extraordinary circumstances.' In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" (citations omitted)).

## Analysis

Neither Webb's motion nor the reply in support of her motion directly address the basis for the dismissal of this action – the service deficiencies outlined above. *See generally* Dkt. Nos. 42 & 45. But, given her *pro se* status, the undersigned has

examined the facts set out in both to determine if Webb has alluded to reasons why she failed to perfect service by the deadline established by Rule 4(m) and as extended by the Court.

Webb alleges that she and her family were homeless from December 21, 2017 to January 11, 2018. *See* Dkt. No. 42 at 2; *see also* Dkt. No. 45 at 3. And it also appears that Webb may have undergone two surgeries, in September 2017 and in December 2017. *See* Dkt. No. 42 at 4. But Webb does not explain how these hardships prevented her from perfecting service by October 13, 2017 – the deadline the Court set after it denied DART's initial motion to dismiss but also quashed Webb's previous, defective services of process.

Where a district court – like the Court here did – "expressly advise[s a plaintiff] of the rules governing timely service and grant[s a plaintiff] an extension of time to properly serve the defendants" and, "prior to dismissing the case for failure to properly serve the defendants, … provide[s a plaintiff] an opportunity to explain why he was unable to serve the defendants in a timely fashion," "[t]he district court [does] not abuse its discretion by dismissing the complaint pursuant to [Rule] 4(m)." *Vafaiyan v. City of Wichita Falls, Tex.*, 317 F. App'x 406, 408 (5th Cir. 2009) (per curiam). And a district court does not abuse its discretion by denying a subsequently-filed Rule 60(b) motion that fails to provide compelling reasons why a judgment under Rule 4(m) – entered after taking the above-outlined precautions – should be reopened. *See id.* (citations omitted).

Moreover, under Rule 60(b)(1), the only provision of the rule potentially

applicable here outside the Rule 60(b)(6) catchall – "available only in 'extraordinary circumstances,'" *Buck*, 137 S. Ct. at 777-78, which have not been shown here – "a district court abuses its discretion when it 'reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court,'" *Cartman v. Hunt Cty., Tex.*, No. 3:15-cv-481-L, 2015 WL 3794448, at *1 (N.D. Tex. June 18, 2015) (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)). And "[e]ven *pro se* litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls, Tex.*, 398 F. App'x 989, 990 (5th Cir. 2010) (per curiam) (citations omitted). As such, any misapprehension of the service requirements of Rule 4 Webb still may possess – even after the Court provided her notice of those requirements, *see, e.g., Webb v. Dallas Area Rapid Transit*, No. 3:17-cv-878-M-BN, 2017 WL 4082445, at *2-*3 (N.D. Tex. Aug. 22, 2017), *rec. accepted*, 2017 WL 4023100 (N.D. Tex. Sept. 13, 2017) – does not afford Webb relief under Rule 60(b)(1).

## Recommendation

Plaintiff Deninah Goodwin Webb's Motion to Reopen Case [Dkt. No. 42], construed as a motion under Federal Rule of Civil Procedure 60(b), should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 1, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE